UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

Tarsha Delashay Guinn,

                Plaintiff,              16-CV-03185 (NSR)

    -against-                         OPINION & ORDER

Superintendent Sabina Kaplan,
DDS Murphy, Officer T. Murray, and Sgt. Art,

                Defendants.
---------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Tarsha Delashay Guinn ("Plaintiff") brings this action *pro se* against "Superintendent Sabina Kaplan ("Superintendent Kaplan"), Correction Officer Terrence Murray, DSS Murphy, Sergeant Art and the New York State Department of Corrections asserting claims, *inter alia*, for allege Section 1983 violations under the Eighth Amendment of the U.S. Constitution while she was incarcerated at the Bedford Hills Correctional Facility ("Bedford Hills"). Presently before the Court is Defendant's motion to dismiss the complaint pursuant Rule 12(b)(6). For the following reasons, the Defendants' motion is GRANTED without opposition.

## BACKGROUND

On April 29, 2016, the Plaintiff filed her complaint asserting claims under the Civil Rights Act, 42 U.S.C. 1983 and common law negligence. (ECF No. 2). The Complaint alleges that on March 18, 2016, Plaintiff, while an inmate at Bedford Hills, was standing on the "medication line" when another inmate became loud and assaultive, threatening to stab Plaintiff with a pen she had in her hand. (*Id.*, ¶II (D)). Plaintiff alleges that she moved from the front of the medication line to rear of the line to avoid a confrontation but the assailing inmate charged at

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2018

1

her, stabbing about the face and body with a pen. (*Id.*)   Plaintiff alleges this occurred in close proximity or within view of several officers but does not identify who they were in the narrative of her complaint. (*Id.*)  Plaintiff alleges that though other inmates attempted to stop the attack, none of the officers attempted to intervene. (*Id.*) Following the attack, Plaintiff alleges that Sergeant Art[1] informed her that he did not want to file paperwork concerning the incident, and instructed her to deny any injuries. (*Id.*)  In return, she alleges that Sgt. Art promised to ensure Plaintiff would not be in "any trouble." (*Id.*)  Plaintiff also alleges that afterwards she wrote Superintendent Kaplan about the incident and suggest that she requested that the assailing inmate be disciplined for her attack but Superintendent Kaplan has not responded and has not shown "any concern or care." (*Id.*, ¶IV G).  Plaintiff alleges the facility retaliated against her because she wanted to bring charges against the inmate that attacked her, the state and because of her desire to sue. (*Id.*) Plaintiff asserts that "they now want to punish me" but did delineate what specific actions were taken to retaliate against her. (*Id.*)

By letter dated, September 6, 2016, Plaintiff requested that she be allowed to "pull out" of the matter, withdraw the complaint, due to the "retaliation from the facility (Bedford Hills) since" filing her complaint. (ECF No. 8). Though she does not describe the nature of the retaliatory conduct by the respective named defendants, she suggest that Superintendent Kaplan did not give her credit for "good time" or withdrew "good time" credit. (*Id.*).  On July 7, 2017, the Court held a scheduled conference in which Plaintiff did not appear. Defense Counsel advised the Court he has had difficulty communicating with Plaintiff since her release from custody and that her listed address no longer seemed to be valid. In response to Defense Counsel's request, the Court set a briefing schedule in anticipation of Defendant's motion to

---

[1] Neither Plaintiff nor the Defendants supply Sergeant Art's first name in Court documents.

dismiss. By letter dated August 2, 2018, Defense Counsel informed the court that he was able to locate and communicate with Plaintiff, was requesting an extension of time to afford Plaintiff an opportunity to file an amended complaint and a modified motion briefing schedule for Defendants' motion to dismiss. (ECF No. 22) The Court issued an order granting Plaintiff an opportunity to file an amended complaint and setting a briefing schedule for the motion to dismiss. (*Id*.) Plaintiff was granted leave to file an amended by complaint by August 18, 2017. (Id.) Plaintiff's new address was noted on the docket.

On October 31, 2018, Defendants filed their motion to dismiss and memorandum of law. (ECF Nos. 23-24). To date, Plaintiff has not served or file opposition papers to Defendants' motion to dismiss. The motion is therefore deemed unopposed.

## STANDARD OF LAW

### **RULE 12(b)(6)**

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is considered facially plausible when a court can "draw reasonable inferences that the defendant is liable for the misconduct alleged" from the complaint's factual material. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. When making this assessment, the court must "take all well-plead factual allegations as true," and all reasonable inferences must be drawn in the plaintiff's favor. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. 662). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

Courts generally have given *pro se* plaintiffs the benefit of the doubt, and more so than represented parties, "particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2004) (citations omitted). A *pro se* complaint should be "liberally construed," *Erickson*, 551 U.S. at 94; *Boykin*, 521 F.3d at 214, since such a pleading is held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Thomas v. Goord*, 215 F. App'x 51, 53 (2d Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Courts have also freely given *pro se* plaintiffs the right to amend their complaint in order to "'be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Nielsen v. Rabin*, 746 F.3d 58 (2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d. Cir. 2000)). However, Courts have said that even in cases where the plaintiff is *pro se* and files a civil rights action, they cannot "withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Bridgewater v. Taylor*, 698 F.Supp.2d 351, 357(quoting *Twombly*, 550 U.S. at 555). "Thus, although the Court is 'obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled.'" Morrisette v. Cripps, 2011 WL 4089960 at *1(quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d. Cir. 2010). (citations omitted).

In sum, Courts must balance the potentially valid claims of plaintiffs who lack the legal knowledge to properly articulate those claims against the need to maintain fairness during the proceedings and judicial efficiency. Courts ultimately may dismiss a plaintiff's claims if they are substantively deficient. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### **SECTION 1983**

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

4

United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) ("[Section 1983] furnishes a cause of action for the violation of federal rights created by the Constitution.").

**RETALIATION CLAIM**

To properly plead a First Amendment retaliation claim, Plaintiff must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action*.*" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)); see also *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). It is well settled that "the filing of prison grievances is a constitutionally protected activity." see *Davis v. Goord*, 320 F.3d at 352. An adverse action is any action "that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Id.* at 353 (internal quotation marks omitted). "The question of whether a given action is sufficiently adverse to deter someone of 'ordinary

5

firmness from exercising his rights" under the First Amendment is a question of fact." *Sanchez v. Velez*, No. 08-CV-1519 (NRB), 2009 WL 2252319, at *4 (S.D.N.Y. July 24, 2009). Insulting or disrespectful comments directed at an inmate generally do not rise to this level. *Dawes v. Walker*, 239 F.3d at 492.

## 8TH AMENDMENT

A claim of deliberate indifference to a hazardous condition in a prison is analyzed in the same manner as a claim of deliberate indifference to a serious medical condition. Recognizing that the Eighth Amendment's prohibition against cruel and unusual punishment "does not mandate comfortable prisons" *(Rhodes v. Chapman*, 452 U.S. 337, 349(1981)), the conditions of incarceration must nonetheless be "humane" (*Farmer v. Brennan*, 511 U.S. 825, 832(1994)). To allege a proper claim, an inmate must state that (1) he suffered "a deprivation that is objectively, sufficiently serious [and] that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to the inmate's health or safety ." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001).

The 8th Amendment's prohibition against cruel and unusual punishment also places a responsibility upon prison officials to protect inmates within the prison system from violent assaults by other inmates. *Martin v. White*, 742 F.2d 469 (8th Cir.1984); *Redmond v. Baxley*, 475 F.Supp. 1111 (E.D.Mich.1979); *Penn v. Oliver*, 351 F.Supp. 1292 (E.D.Va.1972). Because prison officials, as custodians of persons placed in the care of the government, are charged with an affirmative duty of care ( see *Knell v. Bensinger*, 522 F.2d 720, 725 (7th Cir.1975)), their failure to perform their custodial duties may give rise to a § 1983 cause of action. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

## NEGLIGENCE

"To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal citations and quotations omitted); see also *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325 (1981). "Negligence is the absence of care, according to the circumstances." *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 341 (1928) (internal citations omitted). Fundamentally, "[w]hen a statute, in the interest of the general public, defines the degree of care to be used under specified circumstances, it . . . defines a duty enforceable in a common-law negligence action." *Duncan v. Kelly*, 671 N.Y.S.2d 841, 842 (App. Div. 3d Dept. 1998) (citing 1A N.Y. Pattern Jury Instr. 2:25, at 217 (3d ed. 1998).

## QUALIFIED IMMUNITY

"The doctrine of qualified immunity gives officials 'breathing room to make reasonable but mistaken judgments about open legal questions.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743 (2011)). "[Q]ualified immunity shields . . . officials from suit 'unless [1] the official violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct.'" *Terebesi v. Torreso*, 764 F.3d 217, 230 (2d Cir. 2014) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Anderson v. Creighton*, 486 U.S. 635, 640 (1987)). "In this way, qualified immunity shields official conduct that is 'objectively legally reasonable in light of the

7

legal rules that were clearly established at the time it was taken.'" Id. (quoting *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 66 (2d Cir. 1999)).

Typically, the defense of qualified immunity will "rest on an evidentiary showing of what the defendant did and why." *Lamzot v. Phillips*, No. 04-civ.-6719 (LAK), 2006 WL 686578, at *8 (S.D.N.Y. Mar. 16, 2006) (citing *Curry v. City of Syracuse*, 316 F.3d 324, 334–35 (2d Cir. 2003)). However, on a 12(b)(6) motion the Defendants "must accept [a] more stringent standard." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). The "facts supporting the defense [must] appear on the face of the complaint," id. (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998)), and the motion must only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (quoting *Citibank, N.A. v. K-H Corp.,* 968 F.2d 1489, 1494 (2d Cir. 1992)).

## ANALYSIS

For purposes of this Rule 12(b)(6) motion, the Court deems the allegations in the complaint as true and liberally construes them. *Leeds v. Meltz,* 85 F.3d at 53.

Defendants makes five principal arguments. (ECF No. 24 4-9). First, the Government argues that Plaintiff fails to allege the Defendants were personally involved in any wrongdoing. (*Id.* at 4). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 886 (2d Cir.1991) (citations omitted*); Randle v. Alexander*, 960 F. Supp. 2d 457, 477 (S.D.N.Y. 2013) ("It is axiomatic that individual defendants cannot be liable for § 1983 violations unless they are personally involved with the alleged conduct."). Plaintiff's failure to sufficiently delineate each identified defendant's alleged involvement in the deprivation warrants dismissal.

8

Though Plaintiff alleges that unnamed officers "were watching and in ear-range" as her assailant yelled and threaten to stab her, she does not assert with any specifically which officers failed to intervene or protect her. (ECF No. 2 at 3). The lack of specificity in her allegation cannot overcome a 12(b)(6) motion. In her pleadings, she must name specific persons and what action they took or failed to take such that they violated her rights.

Defendants' second argument is that Plaintiff has failed to state a claim that her rights were violated under the 8th Amendment for Defendants' alleged failure to protect her from the alleged attack. (*Id.* at 5). Under 42 U.S.C. § 1983 prison officials are liable for harm to an inmate if they act with "deliberate indifference" to the inmate's safety. *Hayes v. New York City Department of Corr.*, 84 F.3d 614, 620 (2d. Cir. 1996) (quoting *Morales v. New York Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir. 1988)). The *Hayes* court explains that "the test for deliberate indifference is twofold." (*Id.*) First, the Plaintiff must demonstrate that she is incarcerated "under conditions posing a substantial risk of serious harm." *(Id.)* Second, the Plaintiff must also demonstrate "that defendant prison officials possessed "sufficient culpable intent."(*Id.*) (quoting *Farmer v. Brennan*, 511 U.S. at 834). What that specifically means is that the prison official had to have knowledge of that "substantial risk of serious harm" but disregarded that risk by "failing to take reasonable measures to abate the harm." (*Id.*) (quoting *Farmer v. Brennan*, 511 U.S. at 835). Here, the Plaintiff does not allege which prison official had the requisite culpable intent and fails to identify which officer(s) saw the alleged incident or was in a position to stop the alleged harm. While Plaintiff asserts that Sergeant Art attended to her immediately after the incident, there are insufficient facts alleged to conclude or infer that he was aware of the "substantial risk" and disregarded it. (*Hayes*, 84 F.3d at 620). Similarly, Plaintiff complaint suggest that Superintendent Kaplan only became aware of the assault after the incident occurred.

Third, Defendant's argue that Plaintiff's First Amendment retaliation claims fail because they are asserted in conclusory fashion. (ECF No. 24 at 7). This Court agrees. While there is no doubt that the filing of a grievance or lawsuit is a constitutionally protected activity (see *Davis v. Goord*, 320 F.3d at 352)), Plaintiff's allegation nevertheless fails. Plaintiff does not state with specificity in what fashion Defendants or Bedford Hills staff members retaliated against her. She fails to explain the nature of the retaliation, "the plausible motive" or the "adverse action" taken against her. (*Scott v. Coughlin*, 344 F.3d 282 (2d. Cir. 2003)). As the case law makes clear in our Circuit, to establish a First Amendment retaliation claim, plaintiffs have the burden of demonstrating that they were engaged in protected speech, they were subject to an adverse action, and that there is a causal connection between the protected speech and the adverse action. (*Id.*) Having failed to do so, the claim must be dismissed.

Fourth, Defendants assert Plaintiff's negligence claim is insufficiently pled and does rise to the level of a constitutional violation. While Plaintiff alleges that the Bedford Hills staff was negligent, she does so in conclusory fashion. (ECF No. 2, ¶ IV (E)). Therefore, any and all claims sounding in negligence must be dismissed.

Finally, Defendants assert they are entitled to qualified immunity. (*Id.* at 8). Based on the allegations asserted in the complaint, the Court is unable to determine whether the defendants are entitled to qualified immunity as a matter of law. Moreover, it is unnecessary to address Defendants' claim of qualified immunity since the complaint fails to assert a plausible claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED without prejudice. Given Plaintiff's *pro se* status, Plaintiff shall have thirty days from date of this order to file an amended complaint. Failure to timely comply will with the Court's directive will result in

the action being terminated with prejudice. The Court respectfully directs the Clerk to terminate the motion at ECF. No. 23, to mail a copy of this Opinion and Order to Plaintiff's at her last known address, and make a note on the docket regarding same. Similarly, Defendants are directed to serve a copy of this Opinion and Order upon Plaintiff and to file proof of same with the Clerk.

Dated: September 10, 2018  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge